UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIC L. DALE,<br><br>       Petitioner,<br> v.<br><br>BRIAN E. WILLIAMS, *et al.*,<br><br>       Respondents. | Case No. 3:20-cv-00031-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the Court is Petitioner Eric L. Dale's motion for equitable tolling due to COVID-19. (ECF No. 9.) Respondents opposed, and Dale replied (ECF Nos. 11, 13). The Court finds that under the extraordinary circumstances of the COVID-19 pandemic, equitable tolling is warranted. Because the Court grants the motion for prospective equitable tolling, Dale's alternative motion for extension of time to file an amended petition (ECF No. 14) is denied as moot.

**II. LEGAL STANDARD AND PROCEDURAL HISTORY**

A jury convicted Dale of several counts including attempted murder with a deadly weapon, and the state district court adjudicated him a habitual criminal. (ECF No. 4 at 2, 4-6.) Under 28 U.S.C. § 2244(d)(1)(A), Dale has one year from the date his judgment of conviction became final to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The judgment became final when the time expired to petition the Supreme Court of the United States for a writ of certiorari. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *see also* Sup. Ct. R. 13(1). The Federal Public Defender ("FPD") represents Dale in this action, and has indicated that the statute of limitations expires on November 2, 2020. (ECF No. 9 at 2.)

///

Dale dispatched his initial proper-person § 2254 petition to a prison officer for mailing to the Court on or about January 14, 2020. (ECF No. 4.) The Court appointed the FPD to represent Dale. (ECF No. 3.) The Court gave Dale the opportunity to file a counseled amended petition. (*Id.*) The FPD has asked in the alternative to equitable tolling for an extension of time to November 2, 2020 to file an amended petition. (ECF No. 14.)

Equitable tolling can be available to save an untimely petition. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**III.   DISCUSSION**

    **A.   Prospective Equitable Tolling**

Prospective equitable tolling is a departure from the usual practice of the Court and counsel for petitioners. The Court has been reluctant to allow prospective equitable tolling for unknown claims in an unseen petition. Equitable tolling, by its nature, is a retrospective equitable remedy in those extraordinary circumstances when application of the statute of limitations would lead to an unfair result. When faced with a short deadline, the usual practice of the FPD is to quickly file a timely amended petition, effectively a rough draft based upon a brief initial investigation, to which later amended petitions can relate back. Counsel also usually asks for leave to further amend the petition after a full investigation. The problem for counsel is even that practice now is difficult to impossible.

As with other petitioners facing similar obstacles in these unprecedented times, the Court has little to no doubt that Dale, represented by the FPD, is pursuing his rights diligently. The problem is the COVID-19 pandemic. Visits to prison are restricted to keep the disease from spreading into the prisons.[1] Travel to other areas for investigation is

---

[1] The Nevada Department of Corrections has prohibited all visits to those in their custody since early March 2020. *See, e.g.*, NDOC, *NDOC COVID-19 UPDATES*, http://doc.nv.gov/About/Press_Release/covid19_updates/ (last visited Aug. 8, 2020) ("restricted visitation at all facilities").

difficult. Trying to interview people on potentially sensitive issues while maintaining distance is also unwise. Courthouses are closed, and so obtaining records is difficult to impossible. Counsel for Dale and for Respondents are working from home, as are their colleagues. The Court has received many requests for extension of time both due to the technical difficulties of setting up secure remote connections to their work computers, and the fact that their home computers might not be as efficient as their work computers. Some people have children whose schools or day-cares have closed. The parents have suddenly and unexpectedly become teachers, in addition to their normal work duties. In short, the COVID-19 pandemic is an extraordinary circumstance that is preventing parties from meeting deadlines established both by rules and by statutes.

In the past, the Ninth Circuit has allowed prospective equitable tolling, at least in capital habeas corpus cases. *See Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled on other grounds by Calderon v. U.S. District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *accord Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002). However, the Ninth Circuit has recently ruled that equitable tolling does not act as stop-clock tolling the way that 28 U.S.C. § 2244(d)(2) does. *See Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc). If an extraordinary circumstance has prevented a petitioner from timely filing a habeas corpus petition, then the petitioner must be reasonably diligent in filing the petition once the extraordinary circumstance dissipates. *See id.*

Here, the FPD has retained neuropsychologist Brian Leany to interview and administer testing to Dale. (ECF No. 9.) Apparently, Dale's erratic behavior surrounding the incidents for which he was convicted of attempted murder led to significant questions regarding his mental health. (ECF No. 12.) His federal petition includes claims that his counsel was ineffective for failing to investigate his competency, and for failing to pursue a not guilty by reason of insanity defense. (ECF No. 4.) Dr. Leany has explained that he must conduct an in-person evaluation of Dale, but the Nevada Department of Corrections' ("NDOC") current COVID-19 protocols prohibit the neuropsychologist from entering the

Warm Springs Correctional Center ("WSCC") in order to complete such evaluation.[2] In fact, strict restrictions on visitation have been in place in the Nevada correctional facilities since the end of March 2020. (ECF No. 9.) Dale seeks equitable tolling from June 23, 2020, when Dr. Leany was informed that he could not enter WSCC, to the time when Dr. Leany can enter the prison and conduct the necessary evaluation of Dale.

As this Court has previously noted, if travel and NDOC visitation restrictions were not in place, if counsel for Dale and counsel for Respondents did not need to work from home under less than optimal conditions, and if the courthouse was open, then the Court likely would hold that *Smith* implicitly eliminated prospective equitable tolling. If a court cannot use stop-clock equitable tolling for an untimely petition, then it necessarily follows that a court cannot use stop-clock prospective equitable tolling. But these problems have existed for several months, and it is utterly unclear when the restrictive situation will improve. At the time of writing this order, cases of COVID-19 in Nevada continue to be confirmed at a substantial rate. And while the State of Nevada has lessened some restrictions in some areas of the State, it has re-imposed restrictions in others. In short, the extraordinary circumstance of the COVID-19 pandemic is ongoing, and at the moment it is preventing Dale from completing his investigation in order to file a timely amended petition. If the Court were to deny prospective equitable tolling, but give Dale additional time to file an amended petition because of the challenges he faces, then the Court can say with certainty that it would find equitable tolling to be warranted once he files the amended petition. In light of this, together with the interests of judicial efficiency, and the significant and evolving hurdles litigants currently face, the Court grants Dale prospective equitable tolling.

///

---

[2] The FPD subsequently learned that it was possible for the NDOC to transport Dale to Dr. Leany's office for testing, but that a correctional officer would have to be present in the room during the evaluation. (ECF No. 13 at 2-3.) Dr. Leany explained that the standards of practice and agreements with test publishers preclude third-party observers, and that an observer would invalidate the testing. (*Id.*)

Respondents object that Dale seeks "unlimited" equitable tolling. (ECF No. 11 at 2.) The Court agrees in general with Respondents' statement that Dale cannot anticipatorily demonstrate he is entitled to unlimited equitable tolling. But the Court disagrees that is Dale's aim. First, it would contradict Dale's interests to delay filing an amended petition once the evaluation is conducted. Further, Dale has been as specific as reasonably possible under the circumstances by asking for tolling up to the time that the evaluation and report are completed. Mindful of moving this case forward as soon as it becomes possible, however, the Court will require periodic status reports. The Court directs Dale to file a status report at least every 60 days to advise the Court whether the neuropsychology evaluation has been scheduled and/or completed. Once the evaluation has been completed and Dr. Leany issues a report, Dale will have 30 days to file an amended petition. In other words, the period that is prospectively tolled will end 30 days after the report is completed. The tolling will not be further extended.

Respondents ask "out of an abundance of caution" that the Court allow them to appeal an adverse ruling pursuant to 28 U.S.C. § 1292(b). (ECF No. 11 at 9.) To the extent such an authorization is necessary, the Court grants Respondents' request.

### B.    Dale's Motion for Extension of Time

Dale has also filed an unopposed motion for extension of time (first request) (ECF No. 14). He asks the Court to set the deadline for filing the amended petition to November 2, 2020, if the Court does not grant his motion for prospective equitable tolling. (*Id.* at 2.) Because the Court is granting Dale's motion for prospective equitable tolling, this motion is moot.

### IV.    CONCLUSION

It is therefore ordered that Petitioner's motion for equitable tolling due to COVID-19 (ECF No. 9) is granted as set forth in this order.

It is further ordered that Petitioner file a status report at least every 60 days to advise the Court of the status of the neuropsychology evaluation. The amended petition is due no later than 30 days from the date of the completion of the neuropsychology report.

It is further ordered that Petitioner's unopposed motion for extension of time (ECF No. 14) is denied as moot.

It is further ordered that Respondents may appeal this order pursuant to 28 U.S.C. § 1292(b).

DATED THIS 20th day of August 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE