UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIC L. DALE,<br><br>                       Petitioner,<br>     v.<br>BRIAN E. WILLIAMS, *et al.*,<br><br>                       Respondents. | Case No. 3:20-cv-00031-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner Eric L. Dale first filed a motion for leave to file a second-amended petition that Respondents opposed on the basis that Petitioner had failed to attach a proposed amended petition. (ECF No. 31.) The Court denies that motion as moot because Petitioner subsequently filed a renewed motion for leave to file a second-amended petition ("Motion") and attached a proposed second-amended petition. (ECF No. 36.) The Motion also seeks to extend the previously-granted equitable tolling due to COVID-19 to February 24, 2022. Respondents oppose in part. (ECF No. 40.) Dale replied. (ECF No. 41.) The Court finds that Petitioner has diligently attempted to comply with the terms of the Court's order granting equitable tolling and grants the motion for leave to file a second-amended petition.

**II.    LEGAL STANDARD AND PROCEDURAL HISTORY**

A jury convicted Dale of several counts including attempted murder with a deadly weapon, and the state district court adjudicated him a habitual criminal. (ECF No. 4 at 2, 4-6.) Under 28 U.S.C. § 2244(d)(1)(A), Dale had one year from the date his judgment of conviction became final to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The judgment became final when the time expired to petition the Supreme Court of the United States for a writ of certiorari. *See Jimenez v. Quarterman*, 555 U.S. 113,

119-20 (2009). *See also* Sup. Ct. R. 13(1). The Federal Public Defender ("FPD") represents Petitioner in this action and has indicated that the statute of limitations expired on November 2, 2020. (ECF No. 9 at 2.)

Petitioner dispatched his initial proper-person § 2254 petition to a prison officer for mailing to the Court on or about January 14, 2020. (ECF No. 4.) When the Court appointed the FPD, it gave Petitioner the opportunity to file a counseled amended petition. (ECF No. 3.) Petitioner sought prospective equitable tolling under the rare circumstances presented by the COVID-19 pandemic because the FPD was unable to complete its investigation due to restrictions on visitation. (ECF No. 9.) The Court granted Petitioner's motion and directed that the amended petition be filed 30 days after receipt of a neuropsychological report. (ECF No. 15.) Petitioner now moves for an extension of equitable tolling and for leave to file a second-amended petition. (ECF No. 36.)

### III.    DISCUSSION

#### A. Motion for Leave to File Amended Petition

The FPD had retained neuropsychologist Brian Leany to interview and administer testing to Petitioner. (ECF No. 9.) Apparently, Petitioner's erratic behavior surrounding the incidents for which he was convicted of attempted murder led to significant questions regarding his mental health. (*See* ECF No. 12.) Dr. Leany was able to enter Warm Springs Correctional Center on August 16, 2021. (*See* ECF No. 31-1.) Thereafter, Dr. Leany advised the FPD that he believed that a psychiatrist was the appropriate expert to evaluate Petitioner and render an expert opinion. The FPD therefore filed a protective petition on September 15, 2021 and filed a motion for leave to file a second-amended petition. (ECF Nos. 27, 31.) The FPD informs the Court that she diligently sought to hire a psychiatrist and was ultimately able to obtain a final report on January 25, 2022. (ECF No. 36 at 2; *see also* FPD Declaration, ECF No. 31-1.)

Equitable tolling is appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Analyzing whether equitable tolling was warranted in this case,

the Court previously stated that it had little to no doubt that Petitioner, represented by the FPD, was pursuing his rights diligently. The extraordinary circumstance of the COVID-19 pandemic is ongoing, and it prevented Petitioner from completing his investigation and securing the proper expert report in order to file a timely amended petition up until the report was secured on January 25, 2022. Thereafter, Petitioner promptly filed a motion for leave to file a second-amended petition along with a proposed amended petition on February 16, 2022. (ECF No. 36.)

Respondents do not object to Petitioner filing an amended petition. (ECF No. 40.) However, Respondents argue that Petitioner is not entitled to equitable tolling that extends past this Court's original grant of tolling. The Court acknowledges that it directed that "[o]nce the evaluation has been completed and Dr. Leany issues a report, Petitioner will have 30 days to file an amended petition . . . The tolling will not be further extended." (ECF No. 15 at 5.) The Court also acknowledges that Respondents previously expressed concerns that Petitioner sought "unlimited" equitable tolling. (ECF No. 11.) However, the Court still disagrees that this is Petitioner's aim. Respondents are correct that COVID restrictions on life and work in general are different currently than at the time the Court granted Petitioner equitable tolling. But the Nevada Department of Corrections ("NDOC") visitation restrictions—while varied at some points—largely have remained in place.[1] Once Dr. Leany informed the FPD that he was not the appropriate expert, the FPD secured a psychiatrist and sought leave to amend the petition within 30 days of receiving the final report. The parties characterize the situation as a request for additional equitable tolling. But under these rare, specific circumstances of the pandemic, the Court remains mindful of the interests of judicial efficiency and the significant and evolving hurdles litigants

---

[1]The NDOC website currently reflects that visitation operations returned to normal as of April 11, 2022. *See* NDOC, *Visiting Information*, Doc.nv.gov/Inmates/Visiting/Home/ (last accessed July 20, 2022). The NDOC website does not set forth the history of when visitation was restricted/prohibited throughout the pandemic. But the website also indicates that normal visitation was resumed on February 14, 2022. Thus, while the precise timeline is unclear, the website shows that visiting has been only sporadically permitted at best.

3

continue to face. The Court therefore views Petitioner's filing of a proposed amended petition upon receipt of the necessary expert report to be in substantial compliance with this Court's original order granting equitable tolling. Accordingly, the Court grants the motion for leave to file a second-amended petition. To the extent necessary, the Court also grants the request to extend equitable tolling up to February 16, 2022. The Court emphasizes that nothing prevents Respondents from raising any applicable procedural defenses.

### B. Motions for leave to file exhibits under seal

Petitioner has filed two motions to file certain exhibits under seal. (ECF Nos. 30, 38.) Respondents have indicated that they do not oppose either motion. (ECF Nos. 32, 39.) While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *See Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, Petitioner asks to file his relevant medical records, psychological evaluations, presentence investigation report questionnaire, and juvenile education records under seal because they contain information that is confidential and sensitive, including Dr. Berger's psychiatric evaluation. (ECF Nos. 30, 38.) The Court has reviewed the exhibits and concludes that Petitioner has demonstrated compelling reasons to file the exhibits under seal. Accordingly, the Court grants the two motions to seal, and the exhibits remain under seal.

### IV. CONCLUSION

It is therefore ordered that Petitioner's motion for leave to file a second-amended petition and to briefly extend equitable tolling due to COVID-19 (ECF No. 36) is granted as set forth in this order.

It is further ordered that the Clerk of Court detach and file separately Petitioner's second-amended petition (ECF No. 36 at 6-35).

It is further ordered that Petitioner's earlier-filed motion for leave to file a second-amended petition (ECF No. 31) is denied as moot.

It is further ordered that Petitioner's two motions for leave to file exhibits under seal (ECF Nos. 30 and 38) are both granted.

It is further ordered that Respondents' motion for extension of time to respond to the petition (ECF No. 35) is granted. Respondents must file a response to the second-amended petition within 45 days of the date of entry of this order.

DATED THIS 21st Day of July 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE