UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC L. DALE,<br><br>                      Petitioner,<br>    v.<br><br>BRIAN E. WILLIAMS, *et al.*,<br><br>                      Respondents. | Case No. 3:20-cv-00031-MMD-CLB<br><br>ORDER |

**I.  SUMMARY**

This is a habeas corpus action brought under 28 U.S.C. § 2254 by Petitioner Eric L. Dale, a Nevada prisoner who is represented by the Federal Public Defender. Before the Court is Dale's Motion for a Stay and Abeyance. (ECF No. 47.) Respondents oppose the requested stay (ECF No. 48), and Dale has replied (ECF No. 53). For the reasons discussed below, the Court denies the motion for stay.

**II.  BACKGROUND**

    **A.  State-Court Proceedings**

A jury in Washoe County, Nevada convicted Dale of attempted murder with use of a deadly weapon, battery of with a deadly weapon, and discharging a firearm at or into an occupied vehicle. (Exh. 40, ECF No. 54-3.) The charges stemmed from a 2013 incident when Dale got into a car accident in Reno, abandoned his car, and began walking down the middle of a busy street. (*See* ECF No. 44 at 2.) He called 911 and told the operator that 15-20 people were chasing him. When a police car drove by, Dale tried to flag the officer down. Then Dale walked up to a car stopped at a red light, raised his gun to the window, and fired into the car. The driver survived. In September 2014, the state district court adjudicated Dale a habitual criminal and sentenced him to life in prison with the possibility of parole after 10 years. (Exh. 43, ECF No. 54-6, Exh. 44, ECF No. 54-7.)

Dale appealed, and the Nevada Court of Appeals affirmed his convictions. (Exh. 65, ECF No. 55-18.) The Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in December 2019. (Exh. 105, ECF No. 57-17.)

**B.     Federal Habeas Proceedings**

In January 2020, Dale dispatched his *pro se* federal habeas petition for mailing. (ECF No. 1-1.) Counsel was appointed, and this Court granted equitable tolling for the time period when COVID-19 protocols prevented Dale's counsel from having a neuropsychologist examine Dale and prepare a report. (ECF No. 15.) Dale ultimately filed a second-amended petition in July 2022, setting out 8 grounds for relief:

> Ground 1: Trial counsel ineffectively failed to investigate (A) a Not Guilty By Reason of Insanity ("NGRI") defense and (B) a voluntary intoxication defense in violation of the Sixth and Fourteenth Amendments.
>
> Ground 2: Dale was not competent during his trial in violation of the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground 3: Trial counsel was ineffective for failing to seek a psychiatric evaluation of Dale concerning his competency as Dale was not competent during his trial in violation of the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground 4: Trial and appellate counsel were ineffective for failing to object to the sentencing enhancement based upon the State's presentation of incomplete court records in violation of the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground 5: Trial and appellate counsel were ineffective for failing to object to the amendment to the indictment on count III after presentation of evidence and the conclusion of the State's case in violation of the Sixth and Fourteenth Amendments.
>
> Ground 6: Dale was convicted of all counts on insufficient evidence in violation of the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground 7: Dale was denied his constitutional right to present a complete defense in violation of his due process rights under the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground 8: Dale's counsel ineffectively failed to investigate or present important mitigating evidence at Dale's sentencing in violation of the Fifth, Sixth, and Fourteenth Amendments.

(ECF No. 44.) Dale now asks the court to stay these proceedings so that he can return to state court to exhaust grounds 1 and 8. (ECF No. 47.)

### III. DISCUSSION

#### A. Legal Standards

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. *See* 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity and is designed to give state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

Turning then to the procedural default doctrine, in *Coleman*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *See* 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one

who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of postconviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. The *Martinez* Court stated: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*). However, in *Shinn v. Ramirez*, 142 S.Ct. 1718 (2022), the Supreme Court recently held that in adjudicating a *Martinez* claim, "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel" unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2). 142 S.Ct. at 1734. The *Ramirez* Court acknowledged that § 2254(e)(2) applies only when there has been "a failure to develop the factual basis of a claim," something that "is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.*

at 1735. The Court explained, though, that a prisoner bears the risk for all attorney errors unless counsel provides constitutionally ineffective assistance, and since there is no constitutional right to counsel in state postconviction proceedings, "a prisoner ordinarily must 'bea[r] responsibility' for all attorney errors during those proceedings." *Id.* (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). "Among those errors," the Court explained, "a state prisoner is responsible for counsel's negligent failure to develop the state postconviction record." *Id.* So, the Supreme Court held, in such a case, a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy the requirements of § 2254(e)(2). *See id.* Under § 2254(e)(2), if the petitioner has "failed to develop the factual basis of a claim in State court proceedings," a district court cannot hold an evidentiary hearing on the claim unless (1) the claim relies on either a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review or a factual predicate that could not have been previously discovered through due diligence and (2) the facts underlying the claim would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty. *See* 28 U.S.C. § 2254(e)(2).

Regarding the legal standard governing a motion for an exhaustion stay, a district court is authorized to stay a habeas action in "limited circumstances" while a petitioner presents unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). Under *Rhines*, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit Court of Appeals has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id.* at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005)). Ineffective assistance of postconviction counsel or a lack of postconviction counsel can constitute good cause

under *Rhines*. *See Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also be "mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* (citing *Rhines*, 544 U.S. at 276-77).

**B.     Analysis**

Dale argues that he satisfies *Rhines* because grounds 1 and 8 are meritorious, he can demonstrate good cause for his failure to exhaust the claims because his state postconviction counsel was ineffective, and he has not engaged in dilatory tactics. Grounds 1 and 8 are claims of ineffective assistance of counsel at trial and sentencing. In ground 1 Dale alleges that his trial counsel: (A) failed to investigate an insanity defense; and (B) failed to investigate and present a voluntary intoxication defense. (ECF No. 44 at 8-13.) In ground 8 Dale asserts that his counsel failed to investigate and present mitigation evidence at sentencing. (*Id.* at 27-29.) Dale acknowledged in his petition that he did not present ground 1 to the state courts but argued that he could demonstrate cause and prejudice to overcome the procedural default. (*Id.* at 13.) He states in his petition that he presented ground 8 "or a similar claim" to the Nevada Supreme Court in his state postconviction proceedings. (*Id.* at 29.)

In his motion for stay, Dale now argues that the two grounds are supported by evidence that was never presented to the state courts. (ECF No. 47 at 2.) He claims his state postconviction counsel was ineffective for failing to develop these ineffective-assistance-of-trial-counsel claims and to present pertinent evidence to state courts. He points to the Supreme Court's statement in *Ramirez* that "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." 142 S. Ct. at

6

1734, 1739. Dale urges that *Ramirez's* emphasis on evidentiary development in state courts can be viewed as a strong signal to the state courts to provide a sufficient opportunity for petitioners to develop their claims. If granted a stay, Dale intends to develop the state court factual record to include the new evidence. He acknowledges that taking this step would only *potentially* allow this Court to consider the new evidence at the merits stage because Dale will have developed the factual basis of his claims, or at the very least, attempted to develop the factual basis of his claims. Dale makes no argument that he can overcome the procedural bars of the claims in grounds 1 and 8 in state court under current Nevada law. But he asserts that he "can argue that the Nevada Supreme Court could reconsider its decision in *Brown v. McDaniel*, 331 P.3d 867, 870-75 (Nev. 2014)," in which "the Nevada Supreme Court declined to follow [*Martinez*] and allow ineffective assistance of post-conviction counsel to act as good cause in non-capital cases." (ECF No. 61 at 4-5.)

Respondents insist that Dale fails to satisfy the *Rhines* criteria. (ECF No. 48.) Dale previously filed a state habeas petition, and any petition that he files now will be untimely and successive, unless he can demonstrate cause and prejudice in state court or that he is actually innocent. *See* NRS § 34.726. Respondents point out that Dale does not assert that he can overcome the state procedural bars or that he is actually innocent, thus the claims are technically exhausted but procedurally defaulted. They argue that nothing in *Rhines*, or any other United States Supreme Court case, suggests that a federal court should grant a stay so the petitioner can return to state court to raise an unexhausted or procedurally defaulted claim with new evidence in state court, if the state court cannot consider the claim due to its procedural bars.

Dale suggests that attaching his newly-developed evidence to an untimely and successive petition filed in state court would constitute developing the factual basis of a claim or an "attempt" to develop the factual basis of a claim. But AEDPA expressly states that a federal court cannot consider any new evidence where the petitioner "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. §2254(e)(2).

Nor does Dale's proposal to return to state court square with *Williams*, where the Supreme Court made it clear that a petitioner must properly develop the factual basis of his claim in accordance with state law. *See* 529 U.S. at 437 ("Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court *in the manner prescribed by state law*.") (emphasis added). This Court agrees with Respondents that accepting Dale's argument that attaching documents to an untimely and successive state habeas petition constitutes fairly developing the factual basis of his claim would reduce AEDPA's requirements to a meaningless formality. *Cf. Ramirez*, 142 S. Ct. at 1738 (explaining that accepting the petitioner's similar argument "would have countenanced an end-run around the statute.").

The Court denies Dale's request for a stay. A *Rhines* stay aims to allow a federal habeas petitioner an opportunity to present unexhausted claims in state court. But here, the claims in grounds 1 and 8 are not unexhausted. It is undisputed that those claims are procedurally barred in state court, and Dale makes no argument that he can overcome the procedural bars under current Nevada law. Therefore, the Court finds that the claims in grounds 1 and 8 are technically exhausted but subject to application of the procedural default doctrine. Under these circumstances, granting Dale's request for a *Rhines* stay would be contrary to the Supreme Court's instructions that exhaustion stays should be granted in only limited circumstances and that the Court is to be mindful of AEDPA's aims of encouraging the finality of sentences and encouraging petitioners to exhaust their claims in state court before filing in federal court.

**IV.   CONCLUSION**

It is therefore ordered that Petitioner's Motion for a Stay and Abeyance (ECF No. 47) is denied.

It is further ordered that Respondents have 30 days to file a response to the second-amended petition.

DATED THIS 18th Day of May 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE