UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC L. DALE,<br><br>　　　　　　　　Petitioner,<br>　　v.<br>BRIAN E. WILLIAMS, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:20-cv-00031-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

This is a habeas corpus action brought under 28 U.S.C. § 2254 by Petitioner Eric L. Dale, a Nevada prisoner who is represented by the Federal Public Defender. Before the Court is Respondents' Motion to Dismiss. (ECF No. 64.)[1] Because the Court concludes that ground 2 is procedurally barred, the Motion is granted in part. The Court also finds that ground 3 is exhausted and defers a decision on whether grounds 1 and 8 are procedurally barred to the merits disposition.

**II.　BACKGROUND**

　　**a.　State-Court Proceedings**

A jury in Washoe County, Nevada convicted Dale of attempted murder with use of a deadly weapon, battery with a deadly weapon, and discharging a firearm at or into an occupied vehicle. (ECF No. 54-3.) The charges stemmed from a 2013 incident when Dale got into a car accident in Reno, abandoned his car, and began walking down the middle of a busy street. (*See* ECF No. 44 at 2.) He called 911 and told the operator that 15-20 people were chasing him. When a police car drove by, Dale tried to flag the officer down. Then Dale walked up to a car stopped at a red light, raised his gun to the window, and fired into the car. The driver survived. In September 2014, the state district court

---

[1]Dale opposed, and Respondents replied. (ECF Nos. 69, 72.)

adjudicated Dale a habitual criminal and sentenced him to life in prison with the possibility of parole after 10 years. (ECF Nos. 54-6, 54-7.)

Dale appealed, and the Nevada Court of Appeals affirmed his convictions. (ECF No. 55-18.) The Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in December 2019. (ECF No. 57-17.)

### b. Federal Habeas Proceedings

In January 2020, Dale dispatched his *pro se* federal habeas petition for mailing. (ECF No. 1-1.) Counsel was appointed, and this Court granted equitable tolling for the time period when COVID-19 protocols prevented Dale's counsel from having a neuropsychologist examine Dale and prepare a report. (ECF No. 15.) Dale ultimately filed a second amended petition ("Petition") in July 2022, setting out eight grounds for relief:

> Ground 1: Trial counsel ineffectively failed to investigate (A) a Not Guilty By Reason of Insanity ("NGRI") defense and (B) a voluntary intoxication defense in violation of the Sixth and Fourteenth Amendments.
>
> Ground 2: Dale was not competent during his trial in violation of the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground 3: Trial counsel was ineffective for failing to seek a psychiatric evaluation of Dale concerning his competency as Dale was not competent during his trial.
>
> Ground 4: Trial and appellate counsel were ineffective for failing to object to the sentencing enhancement based upon the State's presentation of incomplete court records.
>
> Ground 5: Trial and appellate counsel were ineffective for failing to object to the amendment to the indictment on count III after presentation of evidence and the conclusion of the State's case.
>
> Ground 6: Dale was convicted of all counts on insufficient evidence in violation of the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground 7: Dale was denied his constitutional right to present a complete defense in violation of his due process rights under the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground 8: Dale's counsel ineffectively failed to investigate or present important mitigating evidence at Dale's sentencing.

(ECF No. 44.)

Respondents now move to dismiss the Petition, mainly on the bases that several claims are unexhausted and/or procedurally defaulted. (ECF No. 64.)

### III. DISCUSSION

#### a. This Court previously deemed the second amended petition timely.

Respondents opposed Dale's motion for application of equitable tolling and to stay this case. (ECF Nos. 9, 11.) This Court granted the motion, finding that "under the extraordinary circumstances of the COVID-19 pandemic, equitable tolling [was] warranted." (ECF No. 15 at 1.) In their current motion, Respondents first renew their argument that the second amended petition is untimely. (ECF No. 64 at 5-7.) Having already resolved this issue, the Court declines to revisit its decision.

#### b. Ground 3 is exhausted.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). And the federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. In addition, the exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*

*Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Respondents argue that Dale has not exhausted ground 3—his claim that his trial counsel was ineffective for failing to arrange a psychiatric evaluation that would have demonstrated that he was not competent to stand trial. (ECF No. 64 at 9-10; ECF No. 44 at 15-17.) Dale responds that there was substantial evidence to raise a reasonable doubt about his competency to stand trial. He contends that the jail was improperly medicating him and that he stopped taking any psychiatric medication weeks before trial.

In his appeal of the denial of his state postconviction petition, Dale argued that he was not being prescribed the proper medications by the jail and that his actions during his criminal proceedings should have caused counsel to investigate his competency. (ECF No. 57-13 (Exh. 101 at 40-42).) The Nevada Supreme Court construed the claim as one of ineffective assistance of trial counsel because counsel should have known that Dale was not competent to proceed to trial. (ECF No. 57-17 at 5-6.) While counsel for Dale now specifically refers to a psychiatric evaluation, this does not "fundamentally alter" this ground. *See Vazquez v. Hillery*, 474 U.S. 254, 260 (1986). Both the state and federal claim allege that trial counsel should have addressed the question of Dale's competency prior to trial, including because the incorrect medication and then his refusal to take medication should have caused trial counsel to question Dale's competency. The Court concludes that ground 3 is exhausted.

### c. Ground 2 is procedurally defaulted.

Dale contends in ground 2 that he was not competent to stand trial because he was not being prescribed the proper medications for his mental health conditions. (ECF No. 44 at 13-15.) Dale presented this claim in his appeal of the denial of his state postconviction petition. (ECF No. 57-13 (Exh. 101 at 39-42).) The Nevada Supreme Court held that Dale failed to allege good cause for raising this claim in his postconviction petition when it could have been raised on direct appeal. (ECF No. 57-17 (Exh. 105 at 5

(citing NRS 34.810(1)(b)(2)-(3)).) Thus, the appellate court held that the claim was procedurally defaulted.

This Court cannot review a claim "if the Nevada [appellate court] denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). In *Coleman*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *See Coleman v. Thompson*, 501 U.S. 722 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *See Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

The Ninth Circuit has held that application of the Nevada statutory rules at issue here, at least in non-capital cases, are independent and adequate state law grounds for procedural default. *See Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). The Nevada court relied on independent and adequate state law grounds in rejecting federal ground 2 as procedurally defaulted. The claim, therefore, is procedurally barred from federal habeas review. Dale acknowledges that if the claim is procedurally defaulted, he is unable to overcome that default. Accordingly, the Court dismisses ground 2.

### d. The Court defers a decision as to whether grounds 1 and 8 are procedurally defaulted.

In ground 1 Dale asserts that trial counsel ineffectively failed to investigate: (A) a NGRI defense; and (B) a voluntary intoxication defense in violation of the Sixth and Fourteenth Amendments. (ECF No. 44 at 8-13.) Dale argues in ground 8 that his counsel ineffectively failed to investigate or present important mitigating evidence at his

sentencing. (*Id.* at 27-29.) In the order denying Dale's motion for stay and abeyance, this Court previously concluded that the claims in grounds 1 and 8 are technically exhausted but subject to application of the procedural default doctrine. (ECF No. 63 at 8.)

Dale agrees that these claims are procedurally defaulted but contends that he can demonstrate cause and prejudice to excuse the default because his state postconviction counsel was ineffective. (ECF No. 69 at 13-19.) The Court in *Coleman* held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim. *See* 501 U.S. at 750. However, in *Martinez v. Ryan*, the Court subsequently held that the failure of a court to appoint counsel, or the ineffective assistance of counsel in a state postconviction proceeding, may establish cause to overcome a procedural default in specific, narrowly-defined circumstances. *See* 566 U.S. 1 (2012). *Martinez* established that: (1) where an ineffective assistance of counsel claim must be raised in an initial-review collateral proceeding under state law; (2) if petitioner had no counsel at the initial-review collateral proceeding or postconviction counsel was ineffective under *Strickland*;[2] (3) a federal court will not be barred from considering a substantial claim of ineffective assistance of trial counsel. *See id.* at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

Respondents argue that Dale's state postconviction counsel rendered effective assistance; they also insist that grounds 1 and 8 are not substantial, let alone likely to be successful on the merits. (ECF No. 72 at 5-7.) However, the question of procedural default is closely intertwined with the merits of the two claims. The Court, accordingly, defers a decision on *Martinez* and the procedural default of grounds 1 and 8 until the parties have the opportunity to fully brief the merits of these claims in the answer and reply. The parties of course may re-assert any arguments regarding procedural default.

///

///

---

[2]*Strickland v. Washington*, 466 U.S. 668 (1984).

### e. Ground 7 is cognizable on federal habeas review.

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Criminal defendants have a constitutional right to a meaningful opportunity to present a complete defense. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). A defendant has the right to offer witness testimony and to present their version of the facts. *See Washington v. Texas*, 388 U.S. 14, 19 (1967).

In ground 7, Dale asserts that he was denied the right to present a complete defense in violation of his Fifth, Sixth, and Fourteenth Amendment due process rights. (ECF No. 44 at 24-27.) He states that the trial court improperly limited two witnesses' testimony that before the day of the shooting he told them he believed people were following him and had broken into his home. Respondents argue that this presents a state-law issue and noncognizable on federal habeas review. (ECF No. 64 at 12-14.) But Dale's claim may implicate his rights to a meaningful opportunity to present his defense under *Crane* and *Chambers*. He has sufficiently alleged a constitutional violation. The Court declines to dismiss ground 7 at this time.

## IV. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 64) is granted in part and denied in part:

- Ground 2 is dismissed as procedurally barred;
- Ground 3 is exhausted; and
- A decision on whether Grounds 1 and 8 are procedurally barred is deferred.

///

///

///

///

///

7

It is further ordered that Respondents have 60 days to file an answer to the remaining claims in the second-amended petition. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Petitioner will then have 45 days from the date of service of Respondents' answer to file a reply.

DATED THIS 4th Day of March 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE